UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XTANLEY AGU,

Plaintiff,

-against-

BOOMPLAY, also known as Transsnet Music Limited,

Defendant.

ORDER TO AMEND

26 Civ. 5447 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims of copyright infringement. By separate order, this Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, this Court dismisses Plaintiff's Complaint and grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## I. BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Xtanley Agu, who is professionally known as "Rough C," has 13 original sound recordings that are copyrighted. (Compl., ECF No. 1, at 1.) These include works entitled "Wire," "Wire, Pt. 2," "No Say," "Bullshit / BS," and others. (*Id.* ¶ 5.)

On August 14, 2023, TuneCore, a digital music distribution service, distributed Plaintiff's copyrighted works to the streaming platform Boomplay. (*Id.*¶ 6.) Transsnet Music Limited owns Boomplay, which Plaintiff describes as "a foreign streaming platform with its principal place of

---

[1] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

business in Nigeria." (*Id.* ¶ 2.) In June 2025, Plaintiff received an email confirming that his works were available on Boomplay's platform. (*Id.* ¶ 11.)

Plaintiff alleges that his works, which appear under the artist profile "Rough C," had more than 352 streams on Boomplay, and he had 16 "fans." (*Id.* ¶ 8.) Plaintiff has "fan-recorded video evidence dated 2025-2026 showing [Boomplay's] public performance of Plaintiff's works in Nigeria." (*Id.* ¶ 9.) Despite this, for the period January 2026 through April 2026, Plaintiff received no royalties from Boomplay. (*Id.* ¶ 10.) On June 11, 2026, Plaintiff sent a takedown notice and demand under the Digital Millennium Copyright Act ("DMCA"). (*Id.* ¶ 12.)

Plaintiff brings this action against "Boomplay a/k/a Transsnet Music Limited." He seeks statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504, totaling $1,950,000. (*Id.* at 2.)

## II. LEGAL STANDARD

This Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This Court must also dismiss a complaint if it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## III. PLAINTIFF'S CLAIMS ARE DISMISSED

### A. Unpaid Royalties for Copyrighted Works

"To state a claim for copyright infringement, a plaintiff must allege both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation modified). "[A]uthorization to copy copyrighted material—*i.e.*, through possession of an applicable license—is generally viewed as an affirmative defense to a claim of copyright infringement, and is a defense that the alleged infringer

must plead and prove." *Yamashita v. Scholastic Inc.*, 936 F.3d 98, 104 (2d Cir. 2019); *see also Davis v. Blige*, 505 F.3d 90, 100 (2d Cir. 2007) ("A valid license [to use the copyrighted work] immunizes the licensee from a charge of copyright infringement, provided that the licensee uses the copyright as agreed with the licensor.").

In situations "when the existence of a license is not in question, a copyright holder must plausibly allege that the defendant exceeded particular terms of the license." *Yamashita*, 936 F.3d at 105; *see also Bourne*, 68 F.3d at 631 ("Copyright disputes involving only the scope of the alleged infringer's license present this Court with a question that essentially is one of contract: whether the parties' license agreement encompasses the defendant's activities."). Thus, "in cases where only the scope of the license is at issue, the copyright owner bears the burden of proving that the defendant's copying was unauthorized." *Bourne*, 68 F.3d at 631; *see also Spinelli*, 903 F.3d at 197. Allegations of royalties not being paid under an agreed license (or sublicense) generally do not state a claim for copyright infringement. *See, e.g., Teri Woods Publ'g, LLC v. Amazon.Com, Inc.*, No. 24-1137, 2025 WL 547653, at *4 (2d Cir. Feb. 19, 2025) (Plaintiff's "allegations amount to only a contractual dispute over what royalties TWP should have received for Defendants' distribution of the TWP Works, not a claim for copyright infringement.").

Here, Plaintiff alleges that on August 14, 2023, the digital music distribution service TuneCore distributed his copyrighted works to the streaming platform Boomplay. (Compl. ¶ 6.) Plaintiff alleges that even though he has verified that his works were streamed from Boomplay, Boomplay paid no royalties for the period from January 2026 through April 2026. (*Id.* ¶ 8.)

Plaintiff's allegations about whether Boomplay has a license are conflicting. Although he asserts that since 2023, Boomplay displayed his "works on its platform without a license," (*id.* ¶ 7,) he also alleges that in 2023, TuneCore distributed his works to Boomplay, (*id.* ¶ 6,) which

implies that Boomplay had a sublicense from TuneCore.[2] This Court therefore understands the allegations of the complaint to suggest that Boomplay had some sort of license from TuneCore to stream his sound recordings, which provided for payment of royalties that Boomplay has failed to pay. These allegations, without more, do not state a claim for copyright infringement and must instead be construed as a claim for breach of contract for unpaid royalties. The allegations of copyright infringement must therefore be dismissed for failure to state a claim on which relief can be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, Plaintiff's federal claims under the Copyright Act have been dismissed. Moreover, Plaintiff fails to plead facts that would establish diversity jurisdiction under 28 U.S.C. § 1332 of any state law claims.

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

[2] Plaintiff does not allege facts showing that any license from TuneCore to Boomplay terminated. Sending a takedown notice under the DCMA does not, in and of itself, terminate a license, and a plaintiff generally must ascertain whether there is a license before sending a takedown notice. *See, e.g., Cabell v. Zimmerman*, No. 09-CV-10134 (CM), 2010 WL 996007, at *4 (S.D.N.Y. Mar. 12, 2010) (finding no liability for sending takedown notice misrepresenting that video was infringing because, although a party must "perform the proper due diligence to back up its claim that Plaintiff was a copyright infringer" before sending a takedown notice, defendant must have "*actual knowledge* that it is making a misrepresentation of fact" and defendant "lacked actual knowledge").

[3] As explained below, this Court grants Plaintiff leave to replead because there may be facts Plaintiff could allege that would allow him to bring a claim for copyright infringement. *See, e.g., Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 296 F. Supp. 3d 627, 641 (S.D.N.Y. 2017) ("A licensee's use of a license cannot give rise to a claim of copyright infringement, but a licensee's use of copyright rights beyond the scope of its license can."); *Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) ("James argues that the license was voided when Graham breached its conditions by nonpayment of royalties . . . . A material breach of a covenant will allow the licensor to rescind the license and hold the licensee liable for infringement for uses of the work thereafter.").

U.S. 381, 388 (1998). Generally, "[a]n individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). A corporation is a citizen of both the State of its incorporation and the State of its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that a corporation's principal place of business is its "nerve center," usually its main headquarters). Federal diversity jurisdiction is destroyed if there are foreign entities on both sides of a lawsuit. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) ("[S]ection 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien."); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980) ("[T]he fact that alien parties were present on both sides would destroy complete diversity.").

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006).

Plaintiff alleges that he is domiciled in West Babylon, New York, which is in Suffolk County.[4] (Compl. ¶ 1.) Defendant "Boomplay a/k/a Transsnet Music Limited . . . is a foreign streaming platform with its principal place of business in Nigeria, operating in the United States and worldwide . . . ." (*Id.* ¶ 2.) It is not entirely clear from these allegations whether there are foreign nationals on both sides, which would be the case, for example, if Plaintiff is a lawful permanent resident rather than a U.S. Citizen.

---

[4] Suffolk County is in the Eastern District of New York, 28 U.S.C. § 112(c), and there may be questions about venue in this district, *see* 28 U.S.C. §§ 1391, 1404(a).

Moreover, Plaintiff's allegations are insufficient to show that the amount-in-controversy is satisfied. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (citing *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)).[5] "Once a good faith representation has been made, the party opposing jurisdiction must show to a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019); *see also Tongkook*, 14 F.3d at 785 ("Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings.").

"[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991). Nevertheless, punitive damages are generally unavailable for breach of contract. *See Carlin v. United Healthcare Ins. Co. of N.Y.,* No. 24-CV-8435, 2025 WL 3241162 (S.D.N.Y. Nov. 20, 2025) ("A party ordinarily cannot seek punitive damages in fraud or contract cases under New York law, but there are some narrow situations where punitive damages are available . . . .").

Here, Plaintiff seeks statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504, totaling $1,950,000. (Compl. at 2.) This Court has already concluded, however, that Plaintiff's allegations fail to state a claim arising under the Copyright Act, even if he may state a claim for breach of contract. A standard breach of contract claim generally does not justify punitive damages. *See, e.g., N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 315–16 (1995). The

[5] *See also Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

allegations of the complaint, which seek statutory damages under the Copyright Act, thus are insufficient to plead that the amount-in-controversy requirement for diversity jurisdiction is satisfied.

Having dismissed the federal claims of which this Court has original jurisdiction, this Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## IV. LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because Plaintiff may be able to allege additional facts to state a valid claim over which this Court has subject matter jurisdiction, this Court grants Plaintiff sixty (60) days' leave to amend his complaint to detail his claims.[6]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

[6] Alternatively, Plaintiff can choose to file in state court, which has general jurisdiction of state or federal claims.

## V. CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty (60) days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 26-CV-5447 (GBD). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, a judgment will issue dismissing the federal claims under the Copyright Act for failure to state a claim upon which relief may be granted, and this Court will decline supplemental jurisdiction, under 28 U.S.C. § 1367(c)(3), of the state law claims.

Plaintiff may consent to accept service of filings in this action by email only, instead of regular mail, by completing the form, Consent to Electronic Service.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 23, 2026
New York, New York

George B. Daniels

GEORGE B. DANIELS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the full name of each plaintiff.

-against-

________________________________________

________________________________________

________________________________________

________________________________________

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV________________

(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , ________________________________, is a citizen of the State of
(Plaintiff's name)

________________________________________
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

__________________________________________.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, ________________________________, is a citizen of the State of
(Defendant's name)

________________________________________________

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

________________________________________________.

If the defendant is a corporation:

The defendant, ____________________________, is incorporated under the laws of

the State of ____________________________________

and has its principal place of business in the State of ____________________________

or is incorporated under the laws of (foreign state) ____________________________

and has its principal place of business in ____________________________________.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

________________________________________________
First Name Middle Initial Last Name

________________________________________________
Street Address

________________________________________________
County, City State Zip Code

________________________ ________________________
Telephone Number Email Address (if available)

### B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 2:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 3:

First Name Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City State Zip Code

Defendant 4: ______________________________________________

First Name Last Name

______________________________________________

Current Job Title (or other identifying information)

______________________________________________

Current Work Address (or other address where defendant may be served)

______________________________________________

County, City State Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________________________

Date(s) of occurrence: ______________________________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

____________________ ____________________
Dated Plaintiff's Signature

First Name Middle Initial Last Name

Street Address

County, City State Zip Code

Telephone Number Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;
2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;
2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;
3. This service does *not* allow you to electronically file your documents;
4. It will be your duty to regularly review the docket sheet of the case.[3]

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;
2. I have established a PACER account;
3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;
4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;
5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and
6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

________________________________________

________________________________________

Name (Last, First, MI)

Address | City | State | Zip Code

Telephone Number | E-mail Address

Date | Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007